# United States District Court
## District of Utah



**Gary P. Serdar**
Clerk of Court

**Alison J. Adams**
Chief Deputy Clerk

April 15, 2025

FRANK S. HEDIN (Pro Hac Vice)
HEDIN LLP
1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3302

DAVID W. SCOFIELD – 4140
PETERS | SCOFIELD
A Professional Corporation
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160

RE:    NOTICE OF APPEAL
        Atwood et al v. Dotdash Meredith
        Plaintiff/Appellant  Defendant/Appellee
        Lower Docket: 1:24-cv-00046-TC

The notice of appeal for this case has been filed.

**RETAINED** Counsel for the appellant is instructed to download the "Initial Appeal Documents and Instructions" for this appeal from www.ca10.uscourts.gov  In addition, counsel will need to download the "Designation of Record" form from the 10th Circuit web site.   Please follow the instructions for Transcript Order Form and Docketing Statement (all parties represented by counsel) regarding counsel's responsibility for compliance. For specific requirements concerning transcripts, records on appeal, briefs and appendices to briefs, please refer to the Federal Rules of Appellate Procedure and the Rules of the Tenth Circuit Court of Appeals. Rules of the Tenth Circuit are available at www.ca10.uscourts.gov.

Counsel and the Tenth Circuit will receive the following via CM/ECF (If counsel or party are not e-filers, they will receive these documents by mail): Order/Judgment being appealed from, Notice of Appeal, Letter of Transmission of the Preliminary Record on Appeal, Docket Sheet. This case does not contain any sealed entries or documents.

Sincerely,

Gary P. Serdar, Clerk

By:/s/
Jennifer Jensen
Generalist Clerk

# United States District Court
## District of Utah

**Gary P. Serdar**
Clerk of Court

**Alison J. Adams**
Chief Deputy Clerk

**cc**: Clerk, U.S. Court of Appeals, Tenth Circuit
Court Reporter: n/a
District: 1088
Jurisdiction: Diversity
Fee Status: Paid

Judge Tena Campbell
Counsel of Record
Division: Northern

ACCO,APPEAL,CLOSED,OPEN_MJ

Email All Attys

Email All Attys and Secondary Emails

# US District Court Electronic Case Filing System
## District of Utah (Northern)
## CIVIL DOCKET FOR CASE #: <u>1:24–cv–00046–TC</u>

| | |
|---|---|
| Atwood et al v. Dotdash Meredith | Date Filed: 03/13/2024 |
| Assigned to: Judge Tena Campbell | Date Terminated: 03/13/2025 |
| Demand: $5,000,000 | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity | Nature of Suit: 360 P.I.: Other |
| | Jurisdiction: Diversity |

**<u>Plaintiff</u>**

**Teressa Langston**
*individually and on behalf of all others similarly situated*
*TERMINATED: 08/05/2024*

represented by **David W. Scofield**
PETERS SCOFIELD
7430 CREEK RD STE 303
SALT LAKE CITY, UT 84093–6160
(801)322–2002
Email: dws@psplawyers.com
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**<u>Plaintiff</u>**

**Novella Atwood**
*individually and on behalf of all others similarly situated*

represented by **Frank Hedin**
HEDIN LLP
1395 BRICKELL AVE STE 610
MIAMI, FL 33131
305–357–2107
Email: fhedin@hedinllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**<u>Plaintiff</u>**

**Christine Cid**
*individually and on behalf of all others similarly situated*

represented by **Frank Hedin**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**Plaintiff**

| | | |
|---|---|---|
| **Cheralee England**<br>*individually and on behalf of all others*<br>*similarly situated* | represented by | **Frank Hedin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Number:*<br>*Bar Status: Pro Hac Vice* |
| | | **David W. Scofield**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br>*Bar Number: 4140*<br>*Bar Status: Active* |

**Plaintiff**

| | | |
|---|---|---|
| **Kathleen Gagon**<br>*individually and on behalf of all others*<br>*similarly situated* | represented by | **Frank Hedin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Number:*<br>*Bar Status: Pro Hac Vice* |
| | | **David W. Scofield**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br>*Bar Number: 4140*<br>*Bar Status: Active* |

**Plaintiff**

| | | |
|---|---|---|
| **Kristen Puertas**<br>*individually and on behalf of all others*<br>*similarly situated* | represented by | **Frank Hedin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Number:*<br>*Bar Status: Pro Hac Vice* |
| | | **David W. Scofield**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

2

*Bar Number: 4140*
*Bar Status: Active*

**Plaintiff**

| | | |
|---|---|---|
| **Janice Randall** | represented by | **Frank Hedin** |
| *individually and on behalf of all others similarly situated* | | (See above for address) |

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

**Plaintiff**

| | | |
|---|---|---|
| **Sarah Tychsen** | represented by | **Frank Hedin** |
| *individually and on behalf of all others similarly situated* | | (See above for address) |

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**David W. Scofield**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Number: 4140*
*Bar Status: Active*

V.

**Defendant**

| | | |
|---|---|---|
| **Dotdash Meredith** | represented by | **Kristen C. Rodriguez** |
| *formerly known as* | | DENTONS US LLP |
| Dotdash Media | | 1221 AVE OF THE AMERICAS |

NEW YORK, NY 10020
212–398–5280
Email: kristen.rodriguez@dentons.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

**J. Mark Gibb**
DENTONS DURHAM JONES &

3

PINEGAR PC
111 S MAIN ST STE 2400
PO BOX 4050
SALT LAKE CITY, UT 84110–4050
(801)415–3000
Email: mark.gibb@dentons.com
*ATTORNEY TO BE NOTICED*
*Bar Number: 5702*
*Bar Status: Active*

**Rebecca Hughes Parker**
DENTONS US LLP
1221 AVE OF THE AMERICAS
NEW YORK, NY 10020
212–398–8463
Email: rebeccahughes.parker@dentons.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Number:*
*Bar Status: Pro Hac Vice*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/13/2024 | 1 | COMPLAINT *(Class Action)* against Dotdash Media, Inc. d/b/a/ Dotdash Meredith (Filing fee $ 405, receipt number AUTDC–4998279) filed by Teressa Langston. (Attachments: # 1 Exhibit A – Dotdash Meredith Database – Enhanced Masterfile, # 2 Exhibit B – Dotdash Meredith Database – Families and Children, # 3 Exhibit C – Dotdash Meredith Database – Seniors Masterfile, # 4 Exhibit D – FTC, The Information Marketplace Merging and Exchanging Consumer Data, # 5 Exhibit E – Wall Street Journal, Webs Hot New Commodity Privacy, # 6 Exhibit F – Statement of FTC Commissioner Pamela Jones Harbour, # 7 Exhibit G – Time.com, Martha C. White, Big Data Knows What Youre Doing Right Now, # 8 Exhibit H – N.Y. Times, Natasha Singer, You for Sale Mapping, and Sharing, the Consumer Genome, # 9 Exhibit I – Letter from Senator John D. Rockefeller IV, Chairman, Senate Committee on Commerce, Science, and Transportation, to Scott E. Howe, Chief Executive Officer, Acxiom, # 10 Exhibit J – Website of Senator Ed Markey, Bipartisan Group of Lawmakers Query Data Brokers About Practices Involving Consumers Personal Informationn, # 11 Exhibit K – FTC, Prize Scams, # 12 Exhibit L – N.Y. Times, Charles Duhigg, Bilking the Elderly, With a Corporate Assist, # 13 Exhibit M – FTC, Fraud Against Seniors Hearing before the Senate Special Committee on Aging, # 14 Exhibit N – 2014 TRUSTe US Consumer Confidence Privacy Report, TRUSTe, # 15 Exhibit O – N.Y. Times, Joshua Brustein, Start–Ups Seek to Help Users Put a Price on Their Personal Data, # 16 Exhibit P – ENISA, Study on monetising privacy, # 17 Exhibit Q – Hann, et al., The Value of Online Information Privacy An Empirical Investigation) (Scofield, David) (Entered: 03/13/2024) |
| 03/13/2024 | 2 | Civil Cover Sheet (JS44)<br>Civil Summons may be issued electronically. Prepare the summons using the courts PDF version and email it to utdecf_clerk@utd.uscourts.gov for issuance, filed by Teressa Langston. (Scofield, David) (Entered: 03/13/2024) |
| 03/13/2024 | | |

| | | Magistrate Judge Daphne A. Oberg added.<br><br>Case number will now read **1:24–cv–00046–DAO.** Please make changes to document captions accordingly. (kec) (Entered: 03/13/2024) |
|---|---|---|
| 03/13/2024 | 3 | NOTICE OF REQUIREMENTS for appearance Pro Hac Vice mailed to attorney Frank S. Hedin and Arun G. Ravindran for Teressa Langston per 1 complaint. (kec) (Entered: 03/13/2024) |
| 03/14/2024 | 4 | ORDER TO PROPOSE SCHEDULE – See order for details. Signed by Magistrate Judge Daphne A. Oberg on 03/14/2024. (haa) (Entered: 03/14/2024) |
| 04/11/2024 | 5 | WAIVER OF SERVICE Returned Executed filed by Teressa Langston (Scofield, David) (Entered: 04/11/2024) |
| 04/12/2024 | 6 | NOTICE OF REQUIREMENTS for appearance Pro Hac Vice mailed to attorney Tiana Demas for Dotdash Media. (alf) (Entered: 04/12/2024) |
| 06/03/2024 | 7 | MOTION for Admission Pro Hac Vice of Kristen C. Rodriguez , Registration fee $ 50, receipt number AUTDC–5080683,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html.<br>Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf–electronic–case–filing.<br><br>filed by Defendant Dotdash Media. (Attachments: # 1 Pro Hac Vice Applicaton, # 2 Text of Proposed Order) Attorney J. Mark Gibb added to party Dotdash Media(pty:dft)(Gibb, J.) (Entered: 06/03/2024) |
| 06/03/2024 | 8 | MOTION for Admission Pro Hac Vice of Rebecca Hughes Parker , Registration fee $ 50, receipt number AUTDC–5080974,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html.<br>Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf–electronic–case–filing.<br><br>filed by Defendant Dotdash Media. (Attachments: # 1 Pro Hac Vice Applicaton, # 2 Text of Proposed Order)(Gibb, J.) (Entered: 06/03/2024) |
| 06/04/2024 | 9 | ORDER granting 7 AND 8 Motions for Admission Pro Hac Vice of Attorney Kristen C. Rodriguez and Rebecca Hughes Parker for Dotdash Media.<br><br>*Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Instructions are available at https://www.utd.uscourts.gov/cmecf–electronic–case–filing.**A Pro Hac Vice Attorney who fails to register for CM/ECF access will not receive notifications of electronic filings.** |

5

| | | *Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at https://www.utd.uscourts.gov/rules−practice.* |
|---|---|---|
| | | Signed by Magistrate Judge Daphne A. Oberg on 6/4/2024. (alf) (Entered: 06/04/2024) |
| 06/04/2024 | 10 | Stipulated MOTION for Extension of Time to File Answer and Memorandum in Support filed by Defendant Dotdash Media. (Attachments: # 1 Text of Proposed Order)(Gibb, J.) (Entered: 06/04/2024) |
| 06/04/2024 | 11 | NOTICE OF PRESIDING MAGISTRATE JUDGE ASSIGNMENT – This case is assigned to a magistrate judge. Under 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and DUCivR 72–4, you are hereby notified that a magistrate judge for the District of Utah may conduct any or all proceedings in this case, including a jury or bench trial and entry of a final judgment. Exercise of this jurisdiction by the magistrate judge is permitted only if all parties voluntarily sign and return the form. To consent, return the Consent Form to the clerk's office within 21 days via email at consents@utd.uscourts.gov or mail to the address on the form. **Please do not efile the Consent Form in the case.** Notice emailed or mailed to Defendant Dotdash Media, Plaintiff Teressa Langston. Form due by 6/25/2024. (mh) (Entered: 06/04/2024) |
| 06/05/2024 | 12 | DOCKET TEXT ORDER granting 10 Motion for Extension of Time to Answer. Based on the parties' stipulation and for good cause shown, Defendant Dotdash Media, Inc.'s deadline to answer or otherwise respond to the complaint is extended to July 15, 2024. Signed by Magistrate Judge Daphne A. Oberg on 6/5/2024. No attached document. (gdr) (Entered: 06/05/2024) |
| 06/07/2024 | 13 | RECEIVED Consent/Reassignment Form from Defendant Dotdash Media. (mh) (Entered: 06/07/2024) |
| 06/26/2024 | 14 | NOTICE OF NON–CONSENT Consent to the jurisdiction of the Magistrate Judge under DUCivR 72–4 has not been obtained. Case randomly assigned to Judge Tena Campbell and Magistrate Judge Daphne A. Oberg. Magistrate Judge is automatically referred under 28 U.S.C636(b)(1)(A). Magistrate Judge Daphne A. Oberg no longer assigned as the presiding judge to the case. (mh) (Entered: 06/26/2024) |
| 07/15/2024 | 15 | CORPORATE DISCLOSURE STATEMENT under FRCP 7.1 filed by Defendant Dotdash Media identifying IAC Inc. as Corporate Parent. (Rodriguez, Kristen) (Entered: 07/15/2024) |
| 07/15/2024 | 16 | MOTION to Dismiss for Lack of Jurisdiction and Memorandum in Support filed by Defendant Dotdash Media. (Attachments: # 1 Exhibit 1 – Utah Secretary of State Information, # 2 Exhibit 2 – 2003 Utah H.B. 40 1st Sub. (Buff) (Introduced Version), # 3 Exhibit 3 – 2003 Utah H.B. 40 (Enrolled Version))(Rodriguez, Kristen) Modified on 7/18/2024: removed repetitive entry text (alt) (Entered: 07/15/2024) |
| 07/18/2024 | 17 | NOTICE OF AVAILABILITY OF JUDICIAL SETTLEMENT CONFERENCE. For the benefit of the public and the bar, the District of Utah offers judicial settlement conference as an alternative for dispute resolution assistance in all civil cases and bankruptcy adversary proceedings. The court offers this alternative because, when compared with litigation, it can resolve a dispute faster, at less expense, and with solutions that are better able to meet the parties' needs and interests. Parties may file a stipulated motion for judicial settlement conference. A form motion is available on the court's website. Notice sent via CM/ECF to Defendant Dotdash Media, Plaintiff |

| | | Teressa Langston. (alt) (Entered: 07/18/2024) |
|---|---|---|
| 08/05/2024 | 18 | AMENDED COMPLAINT against Dotdash Media with Jury Demand. *New Plaintiffs: Novella Atwood, Christine Cid, Cheralee England, Kathleen Gagon, Kristen Peurtas, Janice Randall, Sarah Tychsen.* Removed Plaintiffs: Teressa Langston. filed by new Plaintiffs ~~Teressa Langston~~. (Attachments: # 1 Exhibit A – Dotdash Meredith Database – Enhanced Masterfile, # 2 Exhibit B – Dotdash Meredith Database – Families and Children, # 3 Exhibit C – Dotdash Meredith Database – Seniors Masterfile, # 4 Exhibit D – FTC, The Information Marketplace Merging and Exchanging Consumer Data, # 5 Exhibit E – Wall Street Journal, Webs Hot New Commodity Privacy, # 6 Exhibit F – Statement of FTC Commissioner Pamela Jones Harbour, # 7 Exhibit G – Time.com, Martha C. White, Big Data Knows What Youre Doing Right Now, # 8 Exhibit H – N.Y. Times, Natasha Singer, You for Sale Mapping, and Sharing, the Consumer Genome, # 9 Exhibit I – Letter from Senator John D. Rockefeller IV, Chairman, Senate Committee on Commerce, Science, and Transportation, to Scott E. Howe, Chief Executive Officer, Acxiom, # 10 Exhibit J – Website of Senator Ed Markey, Bipartisan Group of Lawmakers Query Data Brokers About Practices Involving Consumers Personal Informationn, # 11 Exhibit K – FTC, Prize Scams, # 12 Exhibit L – N.Y. Times, Charles Duhigg, Bilking the Elderly, With a Corporate Assist, # 13 Exhibit M – FTC, Fraud Against Seniors Hearing before the Senate Special Committee on Aging, # 14 Exhibit N – 2014 TRUSTe US Consumer Confidence Privacy Report, TRUSTe, # 15 Exhibit O – N.Y. Times, Joshua Brustein, Start–Ups Seek to Help Users Put a Price on Their Personal Data, # 16 Exhibit P – ENISA, Study on monetising privacy, # 17 Exhibit Q – Hann, et al., The Value of Online Information Privacy An Empirical Investigation) (Scofield, David) Modified on 8/6/2024: added new plaintiffs as filing parties and terminated former Plaintiff (alt) (Entered: 08/05/2024) |
| 08/06/2024 | 19 | DOCKET TEXT ORDER terminating as moot 16 Motion to Dismiss for Lack of Jurisdiction. Plaintiffs' 18 Amended Complaint, filed as a matter of course under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, supersedes the original complaint and renders it of no legal effect. See *Franklin v. Kan. Dep't of Corr., 160 F. App'x 730, 734 (10th Cir. 2005)*. Because Dotdash Media's motion to dismiss is based on Ms. Langstons original complaint, the motion is moot. So ordered by Judge Tena Campbell on 8/6/24 (docket text only – no attached document) (alt) (Entered: 08/06/2024) |
| 08/15/2024 | 20 | Stipulated MOTION for Extension of Time to File Answer *to the First Amended Complaint* filed by Defendant Dotdash Media. (Attachments: # 1 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Rodriguez, Kristen) (Entered: 08/15/2024) |
| 08/16/2024 | 21 | DOCKET TEXT ORDER granting 20 Motion for Extension of Time to Answer. Based on the parties' stipulation and for good cause shown, Defendant Dotdash Media, Inc.'s deadline to answer or otherwise respond to the 18 First Amended Complaint is extended to August 23, 2024. Signed by Magistrate Judge Daphne A. Oberg on 8/16/2024. No attached document. (gdr) (Entered: 08/16/2024) |
| 08/23/2024 | 22 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM and Memorandum in Support *re: Plaintiffs' Amended Complaint* filed by Defendant Dotdash Media. (Attachments: # 1 Exhibit 1– Utah Secretary of State Information, # 2 Exhibit 2– 2003 Utah H.B. 40 1st Sub. (Buff) (Introduced Version), # 3 Exhibit 3– 003 Utah H.B. 40 (Enrolled Version))(Rodriguez, Kristen) (Entered: 08/23/2024) |
| 09/04/2024 | 23 | |

| | | MOTION to Change Dft Name from "Dotdash Media Inc d/b/a Dotdash Meredith" to "Dotdash Meredith Inc f/k/a Dotdash Media Inc" re 1 Complaint, filed by Defendant Dotdash Media. Motions referred to Daphne A. Oberg.(Rodriguez, Kristen) Modified on 9/9/2024: corrected entry/motion relief text (alt) (Entered: 09/04/2024) |
|---|---|---|
| 09/04/2024 | 24 | CORPORATE DISCLOSURE STATEMENT under FRCP 7.1 filed by Defendant Dotdash Media identifying IAC Inc. as Corporate Parent. (Rodriguez, Kristen) (Entered: 09/04/2024) |
| 09/09/2024 | | Modification of Docket re 23 MOTION to Change Dft Name from "Dotdash Media Inc d/b/a Dotdash Meredith" to "Dotdash Meredith Inc f/k/a Dotdash Media Inc" re 1 Complaint. Error: "Miscellaneous Relief" relief description prompt was not completed correctly. Correction: Docket entry text and motion relief have been corrected. (alt) (Entered: 09/09/2024) |
| 09/19/2024 | 25 | DOCKET TEXT ORDER granting 23 Defendant's Motion to Change Party Name on Docket. Defendant Dotdash Media Inc. d/b/a Dotdash Meredith filed a motion to change its name on the docket of this action from "Dotdash Media Inc. d/b/a Dotdash Meredith" to "Dotdash Meredith Inc. f/k/a Dotdash Media Inc.," explaining it has changed its name. The response deadline has passed, and Plaintiffs did not respond to the motion. Accordingly, the motion is granted. The clerk of court is directed to change Defendant Dotdash Media Inc. d/b/a Dotdash Meredith's name on the docket to "Dotdash Meredith Inc. f/k/a Dotdash Media Inc." Signed by Magistrate Judge Daphne A. Oberg on 9/19/2024. No attached document. (gdr) (Entered: 09/19/2024) |
| 09/19/2024 | | Modification of Docket: Dft's name has been updated per 25 Order. Names formatted to conform with this court's "Standards and Guidelines for Adding Parties". (alt) (Entered: 09/19/2024) |
| 09/19/2024 | 26 | Stipulated MOTION for Extension of Time to File Response/Reply as to 22 MOTION to Dismiss for Failure to State a Claim filed by Plaintiffs Novella Atwood, Christine Cid, Cheralee England, Kathleen Gagon, Kristen Puertas, Janice Randall, Sarah Tychsen. (Attachments: # 1 Text of Proposed Order Proposed Form of Order) Motions referred to Daphne A. Oberg.(Scofield, David) (Entered: 09/19/2024) |
| 09/20/2024 | 27 | WITHDRAWAL OF MOTION by Plaintiffs Novella Atwood, Christine Cid, Cheralee England, Kathleen Gagon, Kristen Puertas, Janice Randall, Sarah Tychsen re 26 Stipulated MOTION for Extension of Time to File Response/Reply as to 22 MOTION to Dismiss for Failure to State a Claim filed by Cheralee England, Kathleen Gagon, Sarah Tychsen, Janice Randall, Kristen Puertas, Novella Atwood, Christine Cid . (Scofield, David) (Entered: 09/20/2024) |
| 09/20/2024 | 28 | Plaintiff's MOTION for Extension of Time to File Response/Reply as to 22 MOTION to Dismiss for Failure to State a Claim filed by Plaintiffs Novella Atwood, Christine Cid, Cheralee England, Kathleen Gagon, Kristen Puertas, Janice Randall, Sarah Tychsen. (Attachments: # 1 Text of Proposed Order Proposed Form of Order) Motions referred to Daphne A. Oberg.(Scofield, David) (Entered: 09/20/2024) |
| 09/20/2024 | 29 | DOCKET TEXT ORDER granting 28 Motion for Extension of Time. Based on the parties' stipulation and for good cause shown, Plaintiffs' deadline to respond to Defendant's 22 Motion to Dismiss is extended to October 4, 2024. Signed by Magistrate Judge Daphne A. Oberg on 9/20/2024. No attached document. (gdr) (Entered: 09/20/2024) |
| 10/03/2024 | 30 | |

| | | |
|---|---|---|
| | | Plaintiff's MOTION for Admission Pro Hac Vice of Frank S. Hedin , Registration fee $ 50, receipt number AUTDC−5203577,<br><br>Attorneys awaiting Pro Hac Vice admission should immediately register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html.<br>Registration requests will not be approved until the court has granted the pro hac vice motion. Instructions are available on the court's website at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.<br><br>filed by Plaintiffs Novella Atwood, Christine Cid, Cheralee England, Kathleen Gagon, Kristen Puertas, Janice Randall, Sarah Tychsen. (Attachments: # 1 Exhibit A−− Frank S. Hedin's Application for Pro Hac Vice Admission, # 2 Text of Proposed Order Proposed Order Admitting Frank S. Hedin Pro Hac Vice)(Scofield, David) (Entered: 10/03/2024) |
| 10/03/2024 | 31 | DOCKET TEXT ORDER granting 30 Motion for Admission Pro Hac Vice of Attorney Frank Hedin for Novella Atwood, Christine Cid, Cheralee England, Kathleen Gagon, Kristen Puertas, Janice Randall, Sarah Tychsen.<br><br>*Attorneys admitted Pro Hac Vice must register to efile and receive electronic notification of case activity in the District of Utah at https://www.pacer.uscourts.gov/cmecf/dcbk.html. Instructions are available at https://www.utd.uscourts.gov/cmecf−electronic−case−filing.***A Pro Hac Vice Attorney who fails to register for CM/ECF access will not receive notifications of electronic filings.***<br><br>*Attorneys admitted Pro Hac Vice may download a copy of the District of Utahs local rules from the courts web site at https://www.utd.uscourts.gov/rules−practice.*<br><br>So ordered by Magistrate Judge Daphne A. Oberg on 10/3/24 (docket text only − no attached document) (alt) (Entered: 10/03/2024) |
| 10/04/2024 | 32 | MEMORANDUM in Opposition re 22 MOTION to Dismiss for Failure to State a Claim filed by Plaintiffs Novella Atwood, Christine Cid, Cheralee England, Kathleen Gagon, Kristen Puertas, Janice Randall, Sarah Tychsen. (Attachments: # 1 Exhibit Exhibit A − State Application)(Hedin, Frank) (Entered: 10/04/2024) |
| 10/11/2024 | 33 | Stipulated MOTION for Extension of Time to File Response/Reply as to 32 Memorandum in Opposition to Motion, 22 MOTION to Dismiss for Failure to State a Claim filed by Defendant Dotdash Meredith. (Attachments: # 1 Text of Proposed Order) Motions referred to Daphne A. Oberg.(Parker, Rebecca) (Entered: 10/11/2024) |
| 10/11/2024 | 34 | DOCKET TEXT ORDER granting 33 Motion for Extension of Time. Based on the parties' stipulation and for good cause shown, Defendant's deadline to file a reply in support of the 22 Motion to Dismiss is extended to November 1, 2024. Signed by Magistrate Judge Daphne A. Oberg on 10/11/2024. No attached document. (gdr) (Entered: 10/11/2024) |
| 11/01/2024 | 35 | REPLY to Response to Motion re 22 MOTION to Dismiss for Failure to State a Claim filed by Defendant Dotdash Meredith. (Rodriguez, Kristen) (Entered: 11/01/2024) |
| 12/18/2024 | 36 | NOTICE of SUPPLEMENTAL AUTHORITY by Novella Atwood, Christine Cid, Cheralee England, Kathleen Gagon, Kristen Puertas, Janice Randall, Sarah Tychsen re |

| | | |
|---|---|---|
| | | 22 MOTION to Dismiss for Failure to State a Claim (Attachments: # 1 Appendix Arnstein et. al. v. Sundance Holdings Group, L.L.C., 2:24–cv–0344–RJS–DAO, ECF No. 36) 2024 U.S. Dist. LEXIS 215328 *; 2024 WL 4882857 (D. Utah Nov. 25, 2025) (unpublished)) (Scofield, David) (Entered: 12/18/2024) |
| 12/24/2024 | 37 | NOTICE of Defendant's Response to Plaintiff's Notice of Supplemental Authority by Dotdash Meredith re 36 Notice of Supplemental Authority, (Rodriguez, Kristen) (Entered: 12/24/2024) |
| 03/13/2025 | 38 | ORDER AND MEMORANDUM DECISION granting with prejudice 22 Motion to Dismiss for Failure to State a Claim. Signed by Judge Tena Campbell on 3/13/25 (alt) (Entered: 03/13/2025) |
| 03/13/2025 | 39 | JUDGMENT that the Plaintiffs' cause of action is dismissed with prejudice – CASE CLOSED. Magistrate Judge Daphne A. Oberg no longer assigned to case. Signed by Judge Tena Campbell on 3/13/25 (alt) (Entered: 03/13/2025) |
| 04/14/2025 | 40 | NOTICE OF APPEAL as to 38 Order on Motion to Dismiss for Failure to State a Claim, Memorandum Decision, 39 Judgment filed by Novella Atwood, Christine Cid, Cheralee England, Kathleen Gagon, Teressa Langston, Kristen Puertas, Janice Randall, Sarah Tychsen. Appeals to the USCA for the 10th Circuit. Filing fee $ 605, receipt number AUTDC–5394283. (Scofield, David) (Entered: 04/14/2025) |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NOVELLA ATWOOD; CHRISTINE CID; CHERALEE ENGLAND; KATHLEEN GAGON; KRISTEN PUERTAS; JANICE RANDALL; and SARAH TYCHSEN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DOTDASH MEREDITH INC. F/K/A DOTDASH MEDIA INC. <br><br> Defendant. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION TO DISMISS** <br><br> Case No. 1:24-cv-00046-TC-DAO <br><br> Judge Tena Campbell <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs Novella Atwood, Christine Cid, Cheralee England, Kathleen Gagon, Kristen Puertas, Janice Randall, and Sarah Tychsen (collectively, Plaintiffs), individually on their own behalf and on behalf of all others similarly situated, bring this action for an order certifying their Class under Rule 23 of the Federal Rules of Civil Procedure and for damages under Utah's Notice of Intent to Sell Nonpublic Personal Information Act (NISNPIA or the Act), Utah Code Ann. § 13-37-101, et seq., against Defendant Dotdash Meredith Inc. (Dotdash Media) for the unauthorized disclosure of the Plaintiffs' personal information. (See Am. Compl., ECF No. 18.)

Before the court is Dotdash Media's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (ECF No. 22.) The

1

court has considered the Plaintiffs' Amended Complaint in its entirety and, for the reasons

discussed below, grants Dotdash Media's motion to dismiss.

## FACTUAL ALLEGATIONS

### I.    Dotdash Media

This case involves Dotdash Media's alleged unauthorized sale and use of its customers'

private personal data in violation of the NISNPIA.  Dotdash Media is a digital and print

publisher incorporated in Delaware with its headquarters and principal place of business in New

York, New York.  (Am. Compl. ¶¶ 44–45.)  The company has at least three offices, which are

located in New York City, Des Moines, and Birmingham.[1]  Dotdash Media's publications

include Better Homes & Gardens, People, Country Home, Allrecipes, Southern Living, Real

Simple, Magnolia Journal, Wood, 25 Beautiful Homes, Ageless Iron, American Baby, American

Patchwork & Quilting, Country Life, Diabetic Living, Do-It-Yourself, Eat This, Not That,

EatingWell, Entertainment Weekly, Every Day with Rachael Ray, FamilyFun, Fitness, Food &

Wine, Health, InStyle, Living the Country Life, Midwest Living, Parents, Practical Boat Owner,

Shape, Siempre Mujer, Successful Farming, and Travel + Leisure.  (Id. ¶ 48.)  These publications

are widely distributed throughout the United States, including in Utah.  (Id.)

On September 7, 2005, Dotdash Media, formerly known as About, Inc.,[2] filed an

application with the Utah Department of Commerce to transact business in Utah as a "foreign

corporation."  (Foreign Corporation Application, ECF No. 32-1.)  National companies

---

[1] See Dotdash Media Office Locations, available at: https://www.dotdashmeredith.com/contact
(last accessed March 13, 2025).

[2] Dotdash Media argues that the Plaintiffs offer "no grounds" for their assertion that "About, Inc"
is Dotdash Media's former name.  (Def.'s Reply Mot., ECF No. 35 at 2 (citing ECF No. 32 at 5
n.4)).)  But the public record—specifically, the Utah Secretary of State's records, which Dotdash
Media attaches to its Motion—confirms the Plaintiffs' assertion.  (See ECF No. 22-1.)

transacting in the state are required by Utah law to submit such applications.  See Utah Code

Ann. § 16-6a-1503(1).  Dotdash Media's Foreign Corporation Application named National

Registered Agents, Inc. as Dotdash Media's "Registered Agent in Utah."  (ECF No. 32-1.)  The

Utah Department of Commerce defines "Registered Agent" as "a business or individual

designated to receive service of process when a business entity is a party in a legal action such as

a lawsuit or summons."[3]  Dotdash Media's Foreign Corporation Application specifies that

National Registered Agents, Inc.'s "registered office" is located at 215 S. State Street, Suite 960,

Salt Lake City.  Dotdash Media's foreign corporation status in Utah is "current," updated most

recently on August 3, 2023.  (See Dotdash Media's Registration Status with the Utah Secretary

of State, ECF No. 22-1.)[4]

---

[3] See How to Qualify a Foreign Corporation in the State of Utah, available at:
https://www.corporations.utah.gov/wp-content/uploads/2021/09/howtoqualify.pdf (last accessed
March 13, 2025).

[4] In deciding this motion, the court considers Dotdash Media's Foreign Corporation Application
and Registration Status documents without converting the motion to a motion for summary
judgment because 1) no question has been raised about the documents' authenticity, and 2) the
documents are judicially noticeable public records of the Utah Department of Commerce and
Secretary of State.  E.g., Operating Eng'rs Loc. 101 Pension Fund v. Al Muehlberger Concrete
Const., Inc., 2013 WL 5409116, at *2 (D. Kan. Sept. 26, 2013) ("[D]istrict courts routinely take
judicial notice of [public documents filed with the secretary of state] in resolving motions to
dismiss."); Robison v. 7PN, LLC, 569 F. Supp. 3d 1175, 1179 (D. Utah 2021) (considering,
along with the defendant's motion to dismiss, evidence contained in the defendant's state
certificate of organization because it was a "matter[] of public record") (citing Utah Gospel
Mission v. Salt Lake Cty. Corp., 316 F. Supp. 2d 1201, 1206 n.5 (D. Utah 2004)).  Further, the
Plaintiffs' complaint arguably incorporates by reference Dotdash Media's registration status by
alleging that Dotdash Media is liable because it has a registered agent in Utah (Am. Compl. ¶
46), an issue central to the present motion and the Plaintiffs' claim.  GFF Corp. v. Associated
Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f … the document is referred
to in the complaint and is central to the plaintiff's claim … an indisputably authentic copy [may]
be considered on a motion to dismiss.").

3

To supplement its print media revenues, Dotdash Media, without providing prior notice to or obtaining written consent from its subscribers, allegedly disclosed for compensation detailed "Private Purchase Information" about its subscribers, including the Plaintiffs in this case, to data aggregators, data appenders, data cooperatives, list brokers, political organizations, direct-mail advertisers, and non-profit organizations. (Am. Compl. ¶¶ 1, 6.) The subscribers' Private Purchase Information includes data such as the Plaintiffs' names, home addresses, subscription status, products purchased, and dollars spent, as well as demographic information like age, gender, ethnicity, political views, and interests. (Id.)

Many of Dotdash Media's customers in Utah (and elsewhere around the country) remain unaware that their Private Purchase Information is being or has been sold. (Id. ¶ 85.) But because of Dotdash Media's disclosures, the Plaintiffs have allegedly suffered privacy violations, received high volumes of unwanted junk mail, and are at an increased risk of being scammed. (Id. ¶¶ 1, 6, 84.) Accordingly, in this NISNPIA action, the "Plaintiffs seek to represent a class defined as all persons in Utah who had their Private Purchase Information obtained by [Dotdash] on or after January 1, 2004, as a result of a consumer transaction and who, at any point during the applicable statutory period, had such Private Purchase Information disclosed by [Dotdash] to one or more third party." (Id. ¶ 88.)

## II.    Utah's Notice of Intent to Sell Nonpublic Personal Information Act

The NISNPIA is a Utah state statute designed to protect residents' consumer privacy by requiring that businesses provide clear notice to their customers before disclosing personal information, including sensitive data, to third parties for commercial purposes. Specifically, subsection 2 of the NISNPIA provides:

> A commercial entity may not disclose nonpublic personal information that the commercial entity obtained on or after January 1, 2004, as a result of a consumer

transaction if the commercial entity fails to comply with [the provisions requiring that prior notice of such disclosures be provided to the consumer, as set forth in] Section 13-37-201.

Utah Code Ann. § 13-37-202(1).  If a "commercial entity" fails to give the required notice, then the Act gives the consumers a private right of action with an exclusive remedy of $500 in statutory damages.  Id. § 13-37-203.

As a threshold issue in this case, the court must determine what companies are subject to the NISNPIA's consumer protections.  By its terms, the NISNPIA only applies to "commercial entities," a term that is defined in the Act as including businesses or persons with "(i) an office or other place of business located in [Utah]" and which "(ii) in the ordinary course of business transacts a consumer transaction in [Utah]."  Id. § 13-37-102(2)(a).

### III.   The Present Litigation

The Plaintiffs filed their original complaint on March 13, 2024, alleging, on information and belief, that Dotdash Media

> has one or more office(s) or other place(s) of business in Utah, including but not limited to at 1108 E. South Union Ave., Midvale, Utah 84047 (a location overseen by [Dotdash Media's] registered agent on [Dotdash Media's] behalf). Additionally, [Dotdash Media] has employees who work for [Dotdash] from Utah (and thus conduct business on [Dotdash Media's] behalf at places in Utah).

(Original Compl., ECF No. 1 at ¶¶ 16, 66.)  Dotdash Media moved to dismiss on July 15, 2024, arguing, among other reasons, that Dotdash Media is not subject to the NISNPIA given that the Plaintiffs failed to plausibly allege that it has any Utah office locations.  (Def.'s First Mot. Dismiss, ECF No. 16.)

On August 5, 2024, the Plaintiffs filed an Amended Complaint containing the same allegations about Dotdash Media's alleged "place of business" in Utah—in other words, the Plaintiffs provided no further factual information or allegations about Dotdash Media's Utah

5

office locations.  (See Am. Compl. ¶¶ 46, 96.)  Dotdash Media again moved to dismiss,

reiterating that the Plaintiffs had failed to plausibly allege that Dotdash Media is a "commercial

entity" under the NINSPIA.  (ECF No. 22 at 6–10.)

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead facts sufficient "to

state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 570 (2007).  A claim is facially plausible when the complaint contains factual content that

allows the court to draw a reasonable inference that the defendant is liable for the misconduct

alleged.  See Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235 (10th Cir.

2013).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."  Khalik v. United Air Lines, 671 F.3d 1188, 1193 (10th Cir. 2012)

(citing Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009)).  While plaintiffs are not required to provide

"[s]pecific facts" or supporting evidence for all of their allegations, "a plaintiff should have at

least some relevant information to make the claims plausible on their face."  Id. (citing Erickson

v. Pardus, 551 U.S. 89, 93 (2007); Iqbal, 556 U.S. at 663).  The court must accept all well-pled

allegations in the complaint as true and construe them in the light most favorable to the plaintiff.

See Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., 771 F.3d 697, 700 (10th Cir. 2014).

## ANALYSIS

Dotdash Media gives four separate grounds for dismissing Plaintiffs' Amended

Complaint: 1) that the Plaintiffs fail to plausibly allege that Dotdash Media is a "commercial

entity" subject to liability under the NISNPIA; 2) that the Plaintiffs fail to state a claim because

they make no allegations that Dotdash Media disclosed the Plaintiffs' nonpublic information;

3) that the Plaintiffs' claims are barred by the statute of limitations; and 4) that the case should be

dismissed for lack of subject matter jurisdiction because a) Plaintiffs lack Article III standing,

b) the NISNPIA bars class actions, and c) comity counsels against the exercise of the court's jurisdiction.  (<u>ECF No. 22 at 2</u>–3.)

For the reasons discussed below, the court finds, consistent with Dotdash Media's first ground for dismissal, that the Plaintiffs fail to state a claim because they have not plausibly alleged that Dotdash Media is a corporate entity under the NISNPIA with its own Utah office or place of business.  The case is therefore dismissed with prejudice.

## I.    Corporate Entity Status Under Utah's Notice of Intent to Sell Nonpublic Personal Information Act

The Plaintiffs' only claim in this case arises under the NISNPIA (Am. Compl. ¶¶ 94–113), meaning that, to overcome dismissal, the Plaintiffs must, as a threshold matter, adequately plead that Dotdash Media is subject to the Act as a Utah "commercial entity."  <u>Utah Code Ann. § 13-37-102(2)</u>.  Dotdash Media argues that the Plaintiffs have failed to adequately plead their claim because even though Dotdash Media does admittedly transact business in the state (<u>ECF No. 22 at 10</u>), the Plaintiffs fail to <u>plausibly</u> allege that Dotdash Media has an "office or place of business in Utah" as defined by the Act.  The court agrees.

### A.  Registered Agent's Utah Place of Business

The Plaintiffs first contend that that any company, like Dotdash Media, that either has a registered agent located in Utah, or employees who live in and/or work in part from Utah, falls within the NISNPIA's definition of a "corporate entity" and is therefore governed by the Act's consumer protections.  (<u>See</u> <u>ECF No. 32</u>, Pls.'s Opp'n. Mot. Dismiss at 4–5 (citing <u>Utah Code Ann. § 13-37-102(2)(a))</u>.)  Utah state courts have not examined whether such businesses are corporate entities subject to the NISNPIA.[5]  But this court recognized in an analogous case that

---

[5] The Plaintiffs do not claim that Dotdash Media's "employees" who are or were allegedly working in the state of Utah were located in a Dotdash Media office there.

commercial entities must have their own physical office located in the state to be bound by the

NISNPIA, holding that "[t]he presence of a registered agent's office in Utah is insufficient to

establish that a company has an office or place of business in the state[]."  Camoras v. Publishers

Clearing House, LLC, No. 4:23-cv-118-DN-PK, 2024 WL 2262786, at * 2 (May 17, 2024 D.

Utah).  As the Plaintiffs argue, Camoras is not binding because the report and recommendation

was issued by Magistrate Judge Kohler and was never formally adopted over the plaintiff's

objections given that the case was voluntarily dismissed.  (ECF No. 32 at 5–6 n.5 (citing

Camoras v. Publishers Clearing House, LLC, No. 4:23-cv-118-DN-PJ (D. Utah), Notice of

Voluntary Dismissal, ECF No. 31).)  In any event, turning to principles of statutory

interpretation, this court agrees with Judge Kohler's conclusion in Camoras, finding that a

company lacking its own offices in the state—having only a registered agent and/or employees

who work or have worked in Utah—cannot qualify as a Utah "commercial entity" within the

meaning of the NISNPIA.

Federal Courts "interpret state laws according to state rules of statutory construction."

Finstuen v. Crutcher, 496 F.3d 1139, 1148 (10th Cir. 2007).  Under Utah law, "[t]he first step of

statutory interpretation is to look to the plain language, and where statutory language is plain and

unambiguous, this Court will not look beyond the same to divine legislative intent" because "a

statute should generally be construed according to its plain language."  Bryner v. Cardon

Outreach, LLC, 428 P.3d 1096, 1099 (Utah 2018) (citing Garrard v. Gateway Fin. Servs., Inc.,

207 P.3d 1227, 1230 (Utah 2009); see also Johnson v. Blendtec, Inc., 500 F. Supp. 3d 1271, 1284

(D. Utah 2020) ("[where] the meaning of a statute can be discerned from its language, no other

interpretive tools are needed.").  A court must "presume that the legislature used each word

advisedly and read each term according to its ordinary and accepted meaning." State v. Flora, 459 P.3d 975, 980 (Utah 2020).

The NISNPIA governs only "commercial entit[ies]," which the Act defines as businesses with "(i) an office or other place of business located in the state [of Utah]; and (ii) [which,] in the ordinary course of business[,] transact[] a consumer transaction in this state." Utah Code Ann. § 13-37-102(2).  While the parties agree that Dotdash Media transacts business in Utah under § 13-37-102(2)(a)(ii) by selling print media to customers there (see ECF No. 22 at 10), the court finds that Dotdash Media does not qualify as a "commercial entity" under the plain meaning of § 13-37-102(2)(a)(i) because Dotdash Media lacks its own "office or other place of business located in the state."  Had the legislature intended to apply the NISNPIA to all corporations which have registered agents in Utah, or companies with employees working outside their employer's office in Utah, then it would have specified that broadened coverage.  See Colosimo v. Gateway Cmty. Church, 424 P.3d 866, 882 (Utah 2018) ("When looking at the plain language, we presume that the Legislature used each word advisedly, and deem all omissions to be purposeful[,]" meaning that courts should not "infer substantive terms into the text that are not already there") (citations omitted).

Without such language, the court cannot reasonably conclude that a registered agent's place of business, which receives a small fee to receive service of process or other corporate notices there, constitutes its principal's place of business.  Rather, based on the statute's plain language, the court finds that a registered agent's office is the office or place of business of the registered agent.  For the same reason, the court cannot infer that an employee working from places such as her home, a hotel, or a coffee shop in Utah is working from her employer's "office or other place of business located in the state."  Utah Code Ann. § 13-37-102(i).

9

The court is also persuaded that the Plaintiffs' interpretation of the Act is incorrect because this construction would render § 13-37-102(2)(a)(i) of the NISNPIA redundant and § 13-37-102(2)(a)(ii) superfluous. Specifically, under Utah law, every business engaged in commercial transactions in Utah that does not have its own physical office—meaning every "foreign corporation," like Dotdash Media— is required to register an agent for the limited purpose of accepting service of process in the state. See Utah Code Ann. § 16-7-15(2)(d). Accordingly, under the Plaintiffs' interpretation of § 13-37-102, there would be no reason for the NISNPIA to set out a two-part test—requiring that companies both transact business in the state and have an office or place of business in the state—for companies to qualify as Utah "commercial entities." Rather, every business conducting any business transactions in the state would be a de facto Utah "commercial entity" under § 13-37-102(2)(a)(ii) because that company would have either its own physical location or a registered agent with an office in Utah. Accordingly, § 13-37-102(2)(a)(i) of the Utah Code would be, in all cases, redundant of § 13-37-102(2)(a)(ii). The court must reject the Plaintiffs' interpretation of the NISNPIA because "[i]t is a fundamental canon of statutory interpretation that courts should not 'construe a statute in a way that renders words or phrases meaningless, redundant, or superfluous.'" Town of Dutch John v. Daggett Cnty., 367 F. Supp. 3d 1290, 1301 (D. Utah 2019) (citing Bridger Coal Co./Pac. Minerals, Inc. v. Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor, 927 F.2d 1150, 1153 (10th Cir. 1991)).

Because Dotdash Media is not subject to the NISNPIA under the Act's plain and unambiguous meaning, the court is not required to look outside the NISNPIA's text for additional support in interpreting Utah Code Ann. § 13-37-102. See Zilleruelo v. Commodity Transporters, Inc., 506 P.3d 509, 515–16 ("[S]tatements of individual legislators should not be entitled to any

10

weight when the statements contradict the plain language of a statute."). In any event, the court's analysis of the unambiguous statute is consistent with and bolstered by the Act's legislative history, which shows that the legislature intended that companies with their principal place of business and place of incorporation outside of Utah, like Dotdash Media, would not be governed by the NISNPIA. (See, e.g., ECF No. 22 at 10 n.4 (summarizing the Act's passage).) Specifically, as Dotdash Media notes, the definition of a "commercial entity" in an earlier draft of the NISNPIA imposed liability on any entity in violation of the Act that was conducting a consumer transaction in Utah in its ordinary course of business. (Id.) But the Utah legislature ultimately determined that this definition of a "commercial entity" was too broad. (See id.) As a result, the drafters of the NISNPIA limited its scope by adding in the requirement that "commercial entities" have "an office or other place of business" in Utah. (See id.; compare Utah House Bill 40 1st Sub., ECF No. 22-2, with Enrolled Version, ECF No. 22-3.) The court's interpretation is therefore consistent with the added language in the published Act.

Moreover, during legislative debate, one lawmaker asked the Act's sponsor whether the Act would apply to "national companies." The sponsor clarified that the NISNPIA "would pertain [only] to companies domiciled in the state of Utah." Id. (citing Utah State House of Rep. 2003 Gen. Session, Day 12, H.B. 0040S01 (Jan. 29, 2003) at 1:04:20–1:04:45). In federal courts, the term "domicile" is used to refer to an individual person's legal or permanent home. A corporation's legal "home" or "domicile," by contrast, is usually instead described as the company's corporate "citizenship," which includes state(s) where the company is incorporated and has its principal place of business. E.g., 28 U.S.C. § 1332(c)(1) (defining corporate citizenship in the context of diversity and original jurisdiction); Daimler AG v. Bauman, 571 U.S. 117, 118, 134 S. Ct. 746, 749, 187 L. Ed. 2d 624 (2014) ("The paradigm all-purpose forums

11

for general jurisdiction are a corporation's place of incorporation and principal place of business."). But the Tenth Circuit has, on at least one occasion, referred to the place of a company's incorporation as the company's "corporate domicile." Far W. Cap., Inc. v. Towne, 46 F.3d 1071, 1080 (10th Cir. 1995). Consistent with this precedent, the court finds that the sponsor intended, by clarifying that the Act would apply only to "companies domiciled in Utah," that the Act governed Utah corporate "citizens." And because the Plaintiffs concede that Dotdash Media is a Delaware corporation with its principal place of business and headquarters in New York (Am. Compl. ¶ 45), it is undisputed that Dotdash Media does not have Utah citizenship.

In sum, while not dispositive, the legislative debate bolsters the court's analysis of the Act's plain meaning and the resulting conclusion that companies like Dotdash do not qualify as "corporate entities" governed by the NISNPIA.

Notwithstanding the plain text of the NISNPIA and its legislative history, the Plaintiffs claim that Dotdash Media has represented and therefore conceded that its registered agent's Utah office street address should be attributed to Dotdash Media because Dotdash Media listed its agent's address as a Utah "registered office" on its Foreign Corporation Application. (ECF No. 32 at 5 (citing ECF No. 32-1).) This argument hinges on the court's interpretation of the information given in response to the Utah Department of Commerce's Foreign Corporation Application, and whether the court should, in examining the Foreign Corporation Application, apply the Utah Revised Business Corporation Act's definition of the term "Registered Office," which means "the office within this state designated by a domestic or foreign corporation as its registered office in the most recent document on file with the division providing that information." (Id. citing Utah Code § 16-10a-102(30)).)

12

The court rejects the Plaintiffs' argument for two reasons. First, the court finds that Dotdash Media intended, in filling out question #4 on its Foreign Corporation Application, to provide the Utah Department of Commerce with an address for its Registered Agent's "registered office"—and not its own Utah office location. Question #4 on the Foreign Corporation Application contains two "blanks" for applicants to fill in. The first blank asks Dotdash Media to identify the name of its registered agent in Utah. (See ECF No. 32-1.) In response, Dotdash Media named National Registered Agents, Inc. One line down, that same question features a second blank which asks for the street address for the "registered office" in Utah. In this second blank, Dotdash Media listed National Registered Agents Inc.'s Utah street address. Because this question was a follow-up to the identification of Dotdash Media's registered agent, the court reasonably concludes that Dotdash Media intended to list its registered agent's "registered office." There is no reasonable alternative basis for the court to conclude that Dotdash Media intended to represent Registered Agents, Inc.'s address as its own "registered office."

Second, even if the court did find that Dotdash Media intended to supply the address of its own "registered office," the court cannot, as the Plaintiffs urge, apply the definition of a "Registered Office" from Chapter 10 of the Utah Revised Business Corporation Act to the term "registered office" as it is used in Dotdash Media's Foreign Corporation Application to conclude that Dotdash Media was representing the address as its own Utah office location or place of business. Chapter 10 of the Utah Revised Business Corporation Act makes clear that each of its defined terms, including that of a "Registered Office" under § 16-10a-102(30), apply only where those terms are used within Chapter 10. Dotdash Media's Foreign Corporation Application was submitted in accordance with Chapter 6a of the Utah Code, governing "Application[s] for Authority to Conduct Affairs."

Finally, turning from statutory interpretation to principles of agency relationships, the Plaintiffs argue that because "an agent stands in the shoes of the principal in the eyes of the law," the agent's office location is the functional equivalent of its principal's (i.e., Dotdash Media's) office. (See ECF No. 32 at 5.) Put simply, the Plaintiffs contend that because Dotdash Media named National Registered Agents, Inc. as its "non-commercial registered agent," the scope of that agency relationship extends beyond the purpose of accepting service of process and legal notices in the mail, making Dotdash Media a Utah corporate entity under the NISNPIA based on its registered agent's in-state presence.

As an initial matter, the Plaintiffs' interpretation of the relationship between Dotdash Media and National Registered Agents, Inc. contradicts the Utah Department of Commerce's stated purpose for requiring that foreign corporations have in-state registered agents: to ensure that companies with limited contacts in the state have a designated location to which official communications can be delivered and lawsuits or subpoenas served. See Utah Code Ann. § 16-7-15(1)(b), (c) ("If a corporation sole appoints a registered agent … that registered agent is the official representative of the corporation sole for purposes of this Subsection 1 . . . [including] receiv[ing] communication, notices, or demands"); id. § 16-7-15(2)(d) ("[A] registered agent … is the agent of the corporation sole for service of (i) process; (ii) notice; (iii) demand; or (iv) any type required or permitted by law to be served on the corporation sole."); id. § 16-17-301(1) ("A registered agent is ... authorized to receive service of any process ... required or permitted by law to be served on the entity.").

Indeed, the Utah Department of Commerce's Foreign Corporation Application makes clear that companies headquartered and incorporated out of state, like Dotdash Media, are

14

"organized and chartered under the laws of another state …."[6]  (See ECF No. 32-1 (registering Dotdash Media as a "foreign corporation").)  It is therefore unreasonable for the court to apply laws intended for local businesses, like the NISNPIA, to national corporations organized and chartered elsewhere by virtue of the company's registration of an agent to receive personal service, mail, and other formal communications.  Under this same reasoning, this court has recognized that having a registered agent in state is insufficient to consent to general personal jurisdiction.  See Madsen v. Sidwell Air Freight, No. 1:23-cv-8-JNP, 2024 WL 1160204, at *15 (D. Utah Mar. 18, 2024) ("[N]o foreign corporation registered in Utah would understand that its registration, which requires an agent's appointment, would be deemed consent to jurisdiction.  In fact, these statutes make clear that it was the Utah Legislature's intent that there is no general jurisdiction over a foreign corporation simply by virtue of its registration.").

Similarly, courts in other jurisdictions have found that having a registered agent's office is insufficient to establish physical presence or a place of business in a particular venue.  E.g., Symbology Innovations, LLC v. Lego Sys., 282 F. Supp. 3d 916, 931 (E.D. Va. 2017); Johnson v. Gen. Dynamics Info. Tech., Inc., 675 F. Supp. 2d 236, 241–42 (D.N.H. 2009); Collins v. Oilsands Quest Inc., 484 B.R. 593, 596 (S.D.N.Y. 2012).

The Plaintiffs further argue that designating a Utah "non-commercial" registered agent, as opposed to a "commercial registered agent," creates a special type of agency relationship, permitting the court to attribute National Registered Agents, Inc.'s address to its principal, Dotdash Media.  (See ECF No. 32 at 5.)  But even assuming for the sake of argument that

---

[6] The Utah Department of Commerce defines a Foreign Business Corporation as a business "organized and chartered under the laws of another state, government, or country."  See Utah Dep't of Commerce Foreign Business (Profit Corporation), available at: https://corporations. utah.gov/business-entities/foreign-profit-corporation/ (last accessed March 13, 2025).

Dotdash Media designed National Registered Agents, Inc. as its "non-commercial registered

agent," the court is not persuaded that this agency relationship transforms Dotdash Media into a

Utah corporate entity under the NISNPIA.[7]  The Plaintiffs fail to provide, nor can the court

discern, any explanation for why a relationship between a foreign corporation and a

"noncommercial registered agent" is distinct from the agency relationship between a foreign

corporation and its "commercial registered agent."

     Rather, Utah law dictates that both types of registered agent relationships function for the

limited purpose of providing out of state companies with a Utah address for service of process.

Specifically, under Chapter 17 of the Utah code, a "commercial registered agent" is an individual

or entity which has filed with the Utah Department of Commerce a "commercial registered agent

listing statement" that lists "the address of a place of business of the person in this state to which

service of process and other notice and documents being served on or sent to entities represented

by it may be delivered."  Utah Code Ann. § 16-17-102(2) (citing id. § 16-17-204).  Commercial

registered agents generally serve as the registered agents for "several or more business entities."[8]

---

[7] When Dotdash Media submitted its Foreign Corporation Application to the Utah Department of
Commerce, it included National Registered Agents, Inc.'s name and address, which Plaintiffs
argue makes National Registered Agents, Inc. a "noncommercial registered agent."  (Id. at 5
(citing Utah Code Ann. § 16-17-203(1)).)  Under the Utah Code's Model Registered Agents Act,
parties filing to appoint a registered agent in their Application for Authority to Conduct Affairs
"shall state: (a) the name of the represented entity's commercial registered agent; or (b) if the
entity does not have a commercial registered agent: (i) the name and address of the entity's
noncommercial registered agent …."   Utah Code Ann. § 16-17-203.

[8] See Commercial Registered Agent, Utah Division of Corporations & Commercial Code,
available at: https://corporations.utah.gov/business-entities/commercial-registered-agent/#:~:
text=A%20Commercial%20Registered%20Agent%20is%20an%20individual,for%20service%2
0of%20process%20of%20an%20entity.&text=The%20advantage%20of%20registering%20as%
20a%20Commercial,which%20you%20serve%20as%20the%20registered%20agent (last
accessed March 13, 2025).

While a "non-commercial registered agent" would not file the special listing statement with the Utah Department of Commerce, it otherwise serves the same primary function as a commercial registered agent by accepting service of process for entities, like Dotdash Media, without Utah places of business.  Utah Code Ann. § 16-17-102(14).  Given these minor differences, the court rejects the Plaintiffs' argument that the scope of the agency between Dotdash Media and its non-commercial registered agent is so broad that the agent's place of business can be attributed to its principal.

In sum, taking into consideration the NISNPIA's text and legislative history, the rules governing Foreign Corporation Applications in Utah, and well-established principles of agency, the court declines to impose NINSPIA liability on Dotdash Media based on its designation of a Utah commercial or non-commercial registered agent.

### B. Dotdash Media's Utah Place of Business

In the alternative, the Plaintiffs argue that they have adequately alleged that Dotdash Media is a Utah "corporate entity" based on their allegations, made on information and belief, that Dotdash Media might have some unspecified "office(s) or other place(s) of business in Utah" separate from its registered agent's Utah office.  (ECF No. 32 at 6 ("Whether Defendant [has] any other office(s) remains an open question, one that ultimately will be answered through discovery").)  Dotdash Media asserts that the court should disregard this allegation because it is made on the Plaintiffs' "information and belief," with no supporting factual information, and because the public record proves that Dotdash Media has no Utah locations.  (ECF No. 22 at 8–10.)  The court finds that the Plaintiffs' allegations that Dotdash Media has its own business location in Utah fail to meet the Tenth Circuit's plausibility standards and therefore fail to state a NISNPIA claim upon which relief can be granted.

17

This court has explained that facts "alleged 'upon information and belief' may meet Rule 12(b)(6)'s plausibility standard so long as they are not merely conclusory, and particularly if they are 'peculiarly within the possession and control of the … defendant' or 'based on factual information that makes [an] inference of culpability plausible.'" Auto-Owners Ins. Co. v. Paskco Constr., Inc., No. 2:23-cv-191-JNP-JCB, 2024 WL 291130, at *4, *7 n.9 (D. Utah Jan. 25, 2024) (applying "the standard adopted by several circuit courts of appeal" to hold that an "'information and belief' pleading [is] sufficient to satisfy Rule 12(b)(6)'s pleading requirement if [plaintiff's] allegations are based on factual content that permits a reasonable inference of plausibility") (citing Khalik, 671 F.3d at 1190–93 (affirming dismissal because "a plaintiff should have at least some relevant information to make the claims plausible on their face"); Lee v. U.S. Bank N.A., 2019 WL 5849059, at *2–3 (Kans. Bankr. Nov. 7, 2019) (collecting cases); Dorf v. Evansville, 2012 WL 1440343, at *6 (D. Wyo. Apr. 22, 2012) (dismissing complaint brought on information and belief because it did not contain enough specific factual allegations), aff'd sub nom. Dorf v. Bjorklund, 531 F. App'x 836 (10th Cir. 2013); Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2nd Cir. 2010) (affirming denial of motion to quash where "virtually all" of plaintiff's allegations made on information and belief were supported by factual assertions attached as exhibits to the complaint)); see also Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1219 (10th Cir. 2011) ("[An] allegation … not supported by factual content … is merely a conclusion of law [and] [u]nder Twombly and Iqbal, … is insufficient, and not entitled to a presumption of truth."). A conclusory allegation refers to a statement made in a complaint that simply asserts a legal conclusion without providing sufficient factual detail to support it. See Iqbal, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting Twombly, 550 U.S. at 555, 557).

18

Here, the Plaintiffs have not plausibly alleged that Dotdash Media is subject to the NISNPIA because the Amended Complaint simply repeats the required statutory language for naming a corporate entity under the Act without providing any further information in support. For example, the Plaintiffs have not presented an address or any business filing upon which the court can reasonably rely to infer that Dotdash Media could have a Utah office—nor have the Plaintiffs presented any reason why such factual support cannot be found or provided before discovery. Accordingly, the court finds that the Plaintiffs' allegations are akin to the legal conclusions devoid of "further factual enhancement" decried in Twombly as "stop[ping] short of the line between possibility and plausibility of entitlement to relief." 550 U.S. at 557 (quotations omitted). Such claims, without more, "are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679; Cf. Arnstein v. Sundance Holdings Group, LLC, 2:24-cv-0344-RJS-DAO, 2024 WL 4882857 (D. Utah Nov. 25, 2024) (finding that court had subject matter jurisdiction over NISNPIA action where defendant was undisputedly headquartered with its principal place of business in Utah) ; see also id., Am. Compl., ECF No. 12 at ¶ 63 (alleging that the defendant had its headquarters and principal place of business in Utah). The Plaintiffs have not sought leave to amend to bolster their claims about Dotdash Media's office locations in Utah, and, in any event, have already declined the opportunity to supplement their allegations—or alternatively indicated they cannot do so—by failing to supplement this aspect of their Original Complaint after Dotdash Media's first motion to dismiss.

Because the Plaintiffs' pleading fails to state a claim on this threshold issue, the court need not examine whether the public record disproves the Plaintiffs' allegations that Dotdash Media has an office location in Utah. But the court does note that some information about Dotdash Media's office locations is available as a matter of public record—meaning that the

19

alleged Dotdash Media office locations the Plaintiffs speculate about on "information and belief" are not likely to be "particularly within the possession and control" of Dotdash Media. <u>Auto-Owners Ins. Co.</u>, <u>2024 WL 291130</u>, at *4. Notably, Dotdash Media's website publicly lists only three office locations: New York, Iowa, and Alabama.[9]

Because the court finds that the Plaintiffs have not and cannot state a claim that Dotdash Media is subject to the NISNPIA, the court will not examine the Defendant's additional and alternative grounds for dismissal.

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1.    The court GRANTS the Defendant's motion to dismiss (<u>ECF No. 22</u>) with prejudice.

DATED this 13th day of March, 2025.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

---

[9] <u>See</u> Dotdash Media's Contact Information, available at: https://www.dotdashmeredith.com /contact (last accessed March 13, 2025).

20

AO 450 (Rev.5/85) Judgment in a Civil Case

# United States District Court

## District of Utah

NOVELLA ATWOOD; CHRISTINE
CID; CHERALEE ENGLAND;
KATHLEEN GAGON; KRISTEN
PUERTAS; JANICE RANDALL; and
SARAH TYCHSEN, individually and on
behalf of all others similarly situated

           Plaintiffs,

        v.

DOTDASH MEREDITH INC. F/K/A/
DOTDASH MEDIA INC.

           Defendant.

**JUDGMENT IN A CIVIL CASE**

Case No. 1:24-cv-00064-TC-DAO

IT IS ORDERED AND ADJUDGED

That the Plaintiffs' cause of action is dismissed with prejudice.

March 13, 2025
_____
*Date*

BY THE COURT:

_Tena Campbell_
_____
Tena Campbell
United States District Court Judge

FRANK S. HEDIN (*Pro Hac Vice*)
**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131-3302
Telephone:  (305) 357-2107
Facsimile:  (305) 200-8801
E-Mail:        fhedin@hedinllp.com

DAVID W. SCOFIELD – 4140
**PETERS | SCOFIELD**
*A Professional Corporation*
7430 Creek Road, Suite 303
Sandy, Utah 84093-6160
Telephone:  (801) 322-2002
Facsimile:  (801) 912-0320
E-Mail:        dws@psplawyers.com

*Attorneys for Plaintiffs and the Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| NOVELLA ATWOOD; CHRISTINE CID; CHERALEE ENGLAND; KATHLEEN GAGON; KRISTEN PUERTAS; JANICE RANDALL; and SARAH TYCHSEN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>DOTDASH   MEDIA,   INC.   D/B/A DOTDASH MEREDITH,<br><br>                    Defendant. | **PLAINTIFFS' NOTICE OF APPEAL**<br><br><br>District Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg<br><br>Case No. 1:24-cv-00046-TC-DAO |

NOTICE IS HEREBY GIVEN that, pursuant to 28 U.S.C. § 1291, Plaintiffs, by and through their undersigned counsel, appeal to the United States Court of Appeals for the Tenth Circuit from the "Judgment in a Civil Case"[1] and the "Order and Memorandum Decision Granting Motion to Dismiss"[2] entered on March 13, 2025, by the United States District Court for the District of Utah, the Honorable Tena Campbell presiding.

Dated: April 14, 2025   Respectfully submitted,

**PETERS | SCOFIELD**
*A Professional Corporation*

/s/ David W. Scofield
DAVID W. SCOFIELD

-and-

FRANK S. HEDIN
**HEDIN LLP**
1395 Brickell Avenue, Suite 610
Miami, Florida 33131
Tel: 305.357.2107
fhedin@hedinllp.com

*Attorneys for Plaintiffs and the Putative Class*

---

[1] ECF No. 39
[2] ECF No. 38